**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Henry SHELTON, Appellee.**

**No. 6872.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 28, 1959.

Rehearing Denied Oct. 26, 1959.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Gordon, Gordon & Buzzard, Pampa, for appellee.

CHAPMAN, Justice.

This is a workman's compensation case. The basis of the suit was an allegation for injury to claimant's chest, upper abdomen, esophagus, stomach and diaphragm with a herniation of a portion of the cardiac end of the stomach through the esophageal hiatus. The case was submitted in the District Court on the question of injury to appellee Henry Shelton's diaphragm sustained in the course of his employment.

While the case was pending before the Industrial Accident Board, appellant, Texas Employers' Insurance Association filed an instrument addressed to the Board suggesting surgery in accordance with Article 8306, Section 12b, Vernon's Ann. Tex.Civ.St., but specifically denying liability in the following terms:

"In thus tendering surgery relief the insurer does not admit but denies that the employer has in fact sustained a compensable hernia, and it reserves the right in event the matter should be appealed to the courts by either party, to contest the compensable character of the hernia."

Subsequently appellee, by a letter to the Board, written by his attorney with a copy to the insurance carrier, suggested that such application for surgery was filed pursuant to the wrong subsection of art. 8306, Section 12, V.T.C.S. and that there was apparently a misapprehension as to the type injury. By the same method he also notified the Board that he regarded the surgery as inadvisable. The Board subsequently entered its final award sustaining appellant's contention that there was no compensable injury. It was from this final order of the Board that appellee appealed to the district court and, following a jury submission, was awarded the judgment from which appellant insurance carrier perfected this appeal.

It is conclusive that appellant denied liability before the Industrial Accident Board. "It is therefore conclusive that it refused a surgical operation." National Mut. Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, at page 1092[6].

Appellant, having denied liability before the Board was not entitled in the district court to interpose the defense of curative effects of an operation in an appeal by the claimant to set aside the award of the Board. Texas Employers Insurance Ass'n v. Kubiak, Tex.Civ.App., 276 S.W.2d 909; Hartford Accident & Indemnity Co. v. Black, 5 Cir., 193 F.2d 971. Accordingly, appellant's first two points are overruled.

The appellant having denied liability before the Board, we believe it would be subject under a proper record to be held liable as for a general injury. Our Supreme Court in the Lowery case, supra, has said:

"The case at bar differs from the Tally case [Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180] only to the extent that in that case the Board ordered the operation, while in the case at bar the Board erroneously adjudged that the injured employee was entitled to no relief. In both cases the insurance carrier wrongfully refused to furnish an operation. We held the insurance carrier liable as for a general injury in the Tally case. We think that the general underlying principle which governed the Tally case leads to the same conclusion here."

Article 8306, Section 12b, V.T.C.S. reads in part as follows:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

From the medical testimony in this record we believe it would be a fair deduction to say that about the only similarity between the type hernia here involved and the common inguinal hernia is that the protruding intestine in the latter and the protruding stomach in the former are both located in the same abdominal cavity. There the similarity ends. The inguinal hernia is right out practically in the skin, is readily visible and easily diagnosed. The esophageal hiatus hernia may be diagnosed only by careful, methodical x-ray technique and even then is sometimes extremely difficult to detect without repeating the technique a number of times. Article 8306, Section 12b, V.T.C.S. requires a showing that the hernia appeared suddenly and immediately following the injury and that it did not exist in any degree prior to the injury. Additionally, an operation for the hernia here involved requires going either through the abdominal cavity or the thoracic cavity and pulling the stomach out of the way. If the surgeon goes through the thoracic cavity it is necessary to cut the ribs and either surgical approach causes a collapse of the lungs. From the medical testimony herein concerning case histories of this type hernia in men the age of appellee it appears that the required proof could rarely be made. Consequently, it becomes clear to us that the Legislature did not contemplate an esophageal hiatus hernia as coming within said statute. Article 8306, Section 20, V.T.C.S. defines injury as follows:

"Wherever the terms 'injury' or 'personal injury' are used in the Work-

men's Compensation Law of this state, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

Our Supreme Court in Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, 139 has said:

"While the definition of hernia includes any and all protrusions of an internal organ from its natural location, it is evident that that term was used by the Legislature in its popular sense in the compensation statutes. Should an employee, for example, suffer an injury in the course of his employment producing a hernia of the brain, it is not believed that his right, or that of his beneficiaries, to recover * * * should be limited and controlled by the specific provisions of the hernia statute. They cannot be made to apply practically to such an injury."

■ Accordingly, we believe and so hold that the specific provisions of the hernia statute cannot be made to apply practically to an esophageal hiatus hernia and that the trial court properly submitted it as a general injury.

■■ Appellant has raised the questions of no evidence, insufficient evidence, and that the findings of the jury were against the overwhelming weight and preponderance of the evidence. It therefore becomes necessary for this court to weigh and consider that which supports the verdict and that which does not and to set aside the judgment and remand the case if after such consideration, we conclude the verdict is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust regardless of whether there is some evidence to support it. In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660; Purvis v. Morehead, Tex.Civ.App., 304 S.W.2d 221; Chantly v. Chrystal, Tex.Civ.App., 274 S.W.2d 765.

The testimony of the three doctors is too lengthy to be restated here. Suffice it to say that when the rules of law just ·announced are applied to the facts of this case it is our opinion that the jury's verdict is not so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust.

Accordingly, the judgment of the trial court is in all things affirmed.