**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**C. E. ISAACS et ux., Appellees.**

No. 3565.

Court of Civil Appeals of Texas.

Eastland.

Dec. 5, 1960.

Turpin, Kerr, Smith & Dyer, Midland, for appellant.

Wagonseller & Cobb, Lubbock, for appellees.

COLLINGS, Justice.

This is a workman's compensation case. C. E. Isaacs and wife, Mary Isaacs, brought suit against Travelers Insurance Company seeking compensation for accidental injuries alleged to have been sustained to her back while employed by F. W. Woolworth Company of Big Spring. Based upon a jury's verdict, judgment was entered awarding total and permanent benefits. Travelers Insurance Company has appealed.

After the Industrial Accident Board had entered its award on May 28, 1959, plaintiffs duly filed their original petition seeking total and permanent disability. The defendant answered by a general denial and allegations to the effect that Mrs. Isaacs's incapacity, if any, was partial and temporary. No further pleadings were filed although appellant attempted to file a trial amendment but was not permitted to do so by the court because it was presented too late.

In numerous points appellant contends (1) that the court erred in prohibiting the introduction of proof to the effect that surgery would be beneficial to Mrs. Isaacs, and would probably reduce her disability; that she was advised of the fact, and a tender of surgical treatment was made to her through her attorney but was not accepted, and (2) that the court erred in failing to sustain appellant's objection to alleged prejudicial argument to the jury. Evidence was introduced to the effect that Mrs. Isaacs, while working in the course of her employment with F. W. Woolworth Company, sustained an injury to her back; that she went home and remained in bed a couple of days before seeing a doctor; that she contacted Dr. Mays and he placed her in a hospital for 19 days, the first 7 of which she was in traction; that she then returned home and stayed in bed two more weeks, after which Dr. Mays sent her to Drs. Driscoll and Autry, orthopedic specialists in Midland. These doctors treated her for several months. Mrs. Isaacs complained of continuous and unbearable pain which seemed to her to be getting worse. The pain was such that it prevented her from standing on her feet for any length of time, prevented her from returning to work for F. W. Woolworth Company and limited her ability to do her regular housework. During the 36 weeks following the accidental injury, appellant insurance company paid to Mrs. Isaacs each week 60% of her average wage.

■ Appellees' medical expert witness, Dr. Jack Estes, testified that Mrs. Isaacs had a ruptured intervertebral disc. He also testified that in his opinion Mrs. Isaacs was totally disabled and that her condition would remain the same throughout her lifetime without change. Dr. Autry, who had treated Mrs. Isaacs, testified for appellant to the effect that in his opinion Mrs. Isaacs had about 40% disability caused by the ruptured disc. Appellant attempted to present testimony by Dr. Autry to the effect that he had advised Mrs. Isaacs she should have surgery; that in his opinion surgery would have reduced her disability to 5 or 10 percent. The trial court refused to permit the introduction of such testimony. The trial court also refused to permit appellant to elicit testimony from Dr. Estes to the effect that the best way to remedy Mrs. Isaacs' condition was through surgery for removal of the ruptured disc and perhaps a fusing of the vertebrae, and that as a result of such an operation patients would usually recover to a considerable extent in relation to the amount of pain they were suffering and also in relation to their disability. The court also excluded exhibits showing: the recommendation by Dr. Autry to appellees' counsel that Mrs. Isaacs should submit to a myelographic study to determine the exact location of the trouble, to be followed by an operation; that the tender of such treatment by appellant to appellee through her counsel of record was refused and that appellee through her counsel indicated that she did not desire to submit to surgery. The court also excluded the proferred testimony

and admission of Mrs. Isaacs that she did not wish to accept the tendered operation.

In our opinion the court did not err in refusing to admit in evidence the above testimony and exhibits and the points so urging are overruled. Article 8306, section 12e, Vernon's Ann.Tex.Civ.St., deals with surgical operations in general injury cases. The statute provides, in effect, that in cases where liability exists and a surgical operation will cure or materially improve the condition of the employee, the compensation carrier may make a demand in writing to the board for a surgical operation; that if the carrier does make such demand in writing, the board shall immediately order a medical examination; that if the examination and written reports of the examining doctors filed with the board show that an operation is advisable and will relieve the condition of the injured employee or materially benefit him, the board shall so state in writing and by unanimous order in writing direct the employee at a stated time and place to submit to an operation.

It is held that a strict compliance with the procedure provided in the above statute is necessary to make available to an insurer the provisions of the act relative to treatment by surgical operation. Texas Employers' Insurance Ass'n v. Kubiak, Tex. Civ.App., 276 S.W.2d 909 (Ref. N.R.E.).

In the instant case appellant insurance company did not comply with the provisions of Article 8306, section 12e. There was no admission of liability by appellant, no operation was tendered or requested in the proceedings before the Industrial Accident Board and no operation was ordered by the board, as provided by the statute, nor was there any showing of a failure on the part of Mrs. Isaacs to comply with an order of the board. The almost exact question here involved was decided adversely to appellant's contention in Truck Insurance Exchange v. Seelbach, Tex.Civ.App., 328 S.W. 2d 346, which was affirmed by the Supreme Court, 339 S.W.2d 521, 523. In the opinion

by Judge Culver, our Supreme Court approved the action of the Court of Civil Appeals in affirming the trial court's exclusion of testimony substantially the same as that involved in the instant case, stating as follows:

"Seelbach's position is squarely based on the premise that if the insurer does not admit liability and tender an operation prior to the final Board award, it is thereafter precluded from offering any testimony as to the curative effect of surgery under any and all circumstances no matter what may be the later progressive development of the injury and regardless of the nature of the operation."

See also Cook v. City of Austin, Tex., 340 S.W.2d 482, in which the exact question here involved was presented; American General Insurance Co. v. Quinn, Tex.Civ. App., 277 S.W.2d 223 (Ref. N.R.E.) and Texas Employers' Insurance Ass'n v. Shelton, Tex.Civ.App., 331 S.W.2d 361.

■ In appellant's 9th and 10th points it is contended that the court committed reversible error in overruling objections to and in failing to instruct the jury not to consider the following argument to the jury by counsel for appellee:

"We feel that this insurance company should be able to, or should be held to a contract of insurance where they obligate themselves by premiums. They have offices all over this great country like a spider web and we feel * * * *"

Appellant's attorney interrupted at that point and objected to the argument on the grounds that it was inflammatory and had no bearing upon any issue in the case, and requested the court to instruct the jury not to consider it. The court overruled the objection and counsel for appellee, evidently misunderstanding the ruling of the court, stated that he would withdraw the argument. Thereupon the court inquired

of appellee's counsel if he wanted "to withdraw the statement" and the attorney replied that he had misunderstood the court. It is not entirely clear whether the argument complained of should be considered as withdrawn or that it remained for the jury to consider over appellant's objection. The argument or statement complained of was not completed. What counsel said was obviously preliminary to some statement or argument that was never made. There is no way of knowing the point which counsel for appellee was attempting to make and we seriously doubt if there was any error in overruling objections to the argument. Appellant seems particularly concerned over the portion of the statement that "they have offices all over this great country like a spider web and we feel * * *". This statement in our opinion is obviously directed to the numerous offices operated by appellant rather than an attempt to compare appellant to any obnoxious qualities of a spider. At any rate the statement was not completed and it cannot be certain just what was intended. Assuming, however, that the argument was not withdrawn, that the court did overrule appellant's objection thereto and that such action was error, and that the court erred in failing to instruct the jury not to consider the argument, we are of the opinion that a consideration of the argument itself in view of the entire record does not present a situation in which it can be said that the action of the court caused or probably caused the rendition of an improper judgment. The issues concerning the extent and duration of appellee's incapacity were not strongly contested. The hotly contested issues in the trial court, as here, concerned appellant's contention, and efforts to introduce evidence to the effect, that an operation would be beneficial to appellee and reduce the extent and duration of her disability. The evidence was such that in our opinion the jury would likely have rendered the same verdict regardless of the argument complained of. Appellant's 9th and 10th points are overruled. Aultman v.

Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367.

The judgment of the trial court is affirmed.