**CITY OF AUSTIN, Appellant,**

v.

**Charles A. WEBSTER, Appellee.**

**No. 11562.**

Court of Civil Appeals of Texas.

Austin.

Jan. 31, 1968.

Rehearing Denied Feb. 28, 1968.

Doren R. Eskew, City Atty., Robert L. Andrews, Jr., H. Glenn Cortez, Asst. City Attys., Austin, for appellant.

Garey, Colbert & Kidd, Joe Colbert, Austin, for appellee.

O'QUINN, Justice.

The City of Austin, a self-insurer under Article 8309e of the Texas Workmen's Compensation Law, brings this appeal from judgment in district court awarding total and permanent compensation benefits to Charles A. Webster.

Appellee Webster filed notice of injury and claim for compensation with the Industrial Accident Board on February 15, 1966, for an injury to his back claimed to have occurred January 25, 1966, while working as an employee of the street and bridge department.

Appellant City of Austin on March 15, 1966, filed with the Board certain forms, a letter from its attorney, and two medical reports from Dr. Robert G. Farris showing results of examinations made of Webster February 3 and March 9. The City of Austin contends that based on these filings adequate admission of liability and proper demand for surgery were made.

The Board on March 21, 1966, advised the City of Austin that no action was being taken by the Board on the demand for surgical operation "since the medical evidence does not support demand for surgery according to the provisions of Board Rule 5.201." The rule requires that the demand for surgery, by either the claimant or the insurer "shall be accompanied by a medical report setting forth that an operation will relieve the condition of the injured employee or will materially benefit him and that such operation is immediately necessary and is not ordinarily unsafe."

In neither of his reports did Dr. Farris recommend surgery. In the first report Dr. Farris recommended that Webster remain off work and expressed a desire to re-examine the claimant "in ten days." In the second report, dated March 9, Dr. Farris stated, "The patient's physical findings are virtually nil at this time," and made no recommendation of surgical treatment.

Payments to Webster were discontinued by the City of Austin September 16, 1966.

Webster requested a hearing October 13, and on November 9 the insurer requested an additional examination by Dr. Farris.

Based on his examination of Webster on December 1, 1966, Dr. Farris reported:

"At this time the patient would be able to pass any pre-employment physical examination. He has no discernable [sic] or determinable impairment of function and I see no reason why he could not be working daily. One wonders why a healthy looking young man like this does not go out and work * * *

I am unable to make any medical diagnosis on the man at this time and have no recommendations for further diagnostic procedure or treatment."

The Industrial Accident Board entered its award December 27, 1966, and denied the demand for surgery. Webster appealed from award of the Board and filed suit in district court January 3, 1967.

The trial court refused to permit the City of Austin to introduce evidence of the safety, advisability and probable beneficial effects of surgery upon Webster's back. The jury found from evidence, which the City of Austin admits was sufficient, that Webster's total incapacity was permanent. Judgment of the district court allowed credit for prior compensation payments to Webster, but allowed no credit for payment of personnel policy benefits. The judgment also expressly provided that no adjudication was made with respect to Webster's claim for future medical aid, hospital services, nursing, chiropractic services and medicines.

Appellant City of Austin under three points of error contends (1) that evidence regarding possible beneficial effects of surgery should have been admitted, (2) that credit for personnel policy payments was improperly denied, and (3) that the court should have adjudged affirmatively that the City of Austin would not be liable for future medical and hospital services.

■ We consider the first point of error controlled by the holding of the Supreme Court in Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521, and case law stemming from that decision. In the Seelbach case the Supreme Court construed the surgery sections of Article 8306 (Sections 12b and 12e), Vernon's Ann. Civ.St., to give the Industrial Accident Board exclusive power to order or supervise an operation or to direct a medical examination for the purpose of determining the advisability of an operation. ₅ The courts were held not to be clothed with such powers. "Where the statute directs that action be taken in a certain way," the Court declared, "it may be performed in no other manner." 339 S.W.2d 521, 523, col. 2.

The City of Austin contends that it complied with the steps required of it to invoke the action of the Industrial Accident Board and to lay a predicate for the introduction of evidence in trial court as to beneficial effects of surgery. While there may be some doubt that the admission of liability was sufficient, we do not find it necessary to decide this question. Assuming that all steps were timely and properly taken by the City of Austin, the Board did not order an operation and put the claimant to an election to undergo surgery or not. The Board denied the demand for surgery. Similar facts were before the Supreme Court in Garcia v. Travelers Insurance Company, 365 S.W.2d 916 (Tex.1963) in which it was held that neither the trial court nor the court of civil appeals could direct and supervise an operation. The insurer was not entitled to prove the beneficial effects of surgery.

In Houston Fire and Casualty Insurance Company v. Dieter, 409 S.W.2d 838 (Tex. 1966) the Supreme Court distinguished cases in which medical testimony may be tendered asserting beneficial effects of "unperformed surgery," as in the Seelbach and Garcia cases, from those cases in which "surgical procedures have been utilized." In the Dieter case it was held that results of an operation were properly the subject of proof. In such case, the Court pointed out, " * * * the trial court is not being called upon to order or supervise surgery or act in any respect as an administrative board." 409 S.W.2d 838, 841, col. 1.

In the Dieter case the Supreme Court reviewed the problems presented in the Seelbach case, which the Court observed to be "two-fold: first, the obvious speculative element of opinion testimony as to the possible results of surgery which had not occurred and might never occur; and second, the undesirable result which was described as being 'tantamount to applying the provisions of §§ 12b and 12e in the trial court.'" 409 S.W.2d 838, 840, col. 2.

■ The question of an operation must be decided while the case is before the Industrial Accident Board. Consolidated Underwriters v. Foster, 383 S.W.2d 829, Tex.Civ.App., Tyler, writ ref., n. r. e.; Texas Employers' Ins. Assn. v. Ellis, 365 S.W.2d 676, Tex.Civ.App., Texarkana, writ ref., n. r. e. The inquiry at the trial of a workmen's compensation case is the extent of incapacity of the injured employee at that time. Houston Fire and Casualty Insurance Co. v. Dieter, supra.

■ Assuming as we have that the City of Austin made timely and valid admissions of liability and demand for surgery before the Board, it is clear that the Board had before it no evidence that an operation would cure or improve Webster's condition. The Board decided the question of operation, or the need for an operation, when it denied the demand for surgery. Evidence in the trial court concerning beneficial effects of an operation was inadmissible. Consolidated Underwriters v. Foster, supra; Aetna Casualty and Surety Company v. Depoister, 393 S.W.2d 822, Tex.Civ.App., Corpus Christi, writ ref., n. r. e.

It would appear that the surgery sections of Article 8306 were meant to afford an administrative means of inquiring into the advisability of an operation to cure or

relieve the effects of an injury to the workman. Under this statute the Board by unanimous action may order an operation when it is advisable. We think it was not contemplated that the insurer would be permitted, by admitting liability and demanding surgery before the Board, to prove in court by "conjecture and opinion evidence" that the extent and duration of the claimant's disability and his incapacity might be reduced through surgery, after the Board has refused to order an operation. Seelbach case, 339 S.W.2d 521, 524, col. 2.

The trial court properly excluded all evidence of the safety, advisability and probable beneficial effects of surgery upon the claimant's back. Appellant's first point is overruled.

 Under its second point, Appellant City of Austin argues that under the trial court's judgment credit should have been allowed the insurer for personnel policy payments made to the claimant. The judgment awarded total and permanent disability benefits and allowed credit for all workmen's compensation payments previously made to the claimant. The judgment did not allow credit for $437.48 in personnel policy payments.

We consider this question settled by this Court in City of Austin v. Clendennen, 323 S.W.2d 158, Tex.Civ.App., Austin, writ ref., n. r. e. The second point is overruled.

Appellant complains under point three that the trial court did not affirmatively decree that the City of Austin would not as an insurer be liable in the future for medical and hospital services required to treat the injury claimed under this case. Appellee confesses on appeal not to have asserted a claim for future medical expenses in this lawsuit.

Under the holding of the Supreme Court of Texas in City of Austin v. Crooks, 162 Tex. 189, 346 S.W.2d 115, we believe the provisions of section 7 of Article 8306, as it read prior to amendment in 1957,

limit liability of the municipal insurer for hospital services to a period of 180 days from the date of injury. While the claimant did not seek future medical expenses, and inclusion in the trial court's judgment of the statement that no adjudication of future expenses was made appears to have been invited by appellant in its objection to motion for judgment, we feel inclusion of the statement does not prejudice the insurer. We decline to reform the trial court's judgment to delete the statement. The third point is overruled.

The judgment of the district court is affirmed.

Affirmed.