**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

v.

**R. D. COTTON, Appellee.**

No. 4291.

Court of Civil Appeals of Texas.

Eastland.

June 27, 1969.

Rehearing Denied July 18, 1969.

J. M. Lee and Richard E. Tulk, McMahon, Smart, Sprain, Wilson & Camp, Abilene, Morris Watson, Roby, for appellant.

Tom Webb, Webb, Stokes & Bolding, San Angelo, Allen Glenn, Bryant, Glenn & Thomas, Abilene, for appellee.

COLLINGS, Justice.

This is a workmen's compensation case. R. D. Cotton brought suit against Commercial Standard Insurance Company seeking compensation benefits for alleged total incapacity suffered by him as a result of an accidental injury sustained in the course of his employment for his employer in Fisher County. The defendant admitted liability for plaintiff's injury both before the Industrial Accident Board and in the trial court. The case was tried to a jury which found temporary total disability for 401 weeks and based upon such finding judgment was rendered in favor of the plaintiff in a lump sum for $11,912.36. Commercial Standard Insurance Company has appealed.

The undisputed facts of the case are substantially as follows:

On January 13, 1968, appellee R. D. Cotton suffered a compensable injury in the course of his employment with the R. W. McDonnell Construction Company in Fisher County. Thereafter, and prior to the filing of his claim with the Industrial Accident Board, Cotton underwent a myelogram and on March 5, 1968, Dr. John C. O'Loughlin, a neurosurgeon of Abilene, Texas performed an operation on appellee for the purpose of removing a herniated disc shown by the myelogram to exist between the 5th lumbar vertebra and the sacrum. On March 26, 1968 appellee filed his claim for workmen's compensation with the Industrial Accident Board alleging his said injury and hospitalization. In compliance with appellee's hardship affidavit and request for immediate hearing the claim was set for hearing on April 30, 1968. Appellant thereafter filed a motion to cancel the scheduled hearing pursuant to Article 8309a, T.R.C.S., asserting that said hearing was premature. In said motion it was set out that appellant had accepted liability and was paying weekly compensation to appellee as it accrued at the maximum rate of $35.00 per week; that appellee had recently undergone disc surgery following a myelogram on or about March 4, 1968 and was then receiving active medical care and treatment which it was asserted would be continued for an indefinite period thereafter; that appellee was temporarily totally disabled and that such disability would continue for an indefinite period in the future, and that it was entirely too early for the treating physician to determine the extent of temporary total disability or to evaluate the ultimate outcome of the surgery theretofore performed.

The above motion was overruled and hearing before the Board was held on April 30, 1968. The award of the Board was entered May 9, 1968, and Cotton on May 20, 1968 appealed to the 32nd Judicial District Court of Fisher County seeking to set aside the final award. On June 21st 1968, the deposition of Cotton was taken and the appellant Commercial Standard Insurance Company learned for the first time that Dr. O'Loughlin had indicated that additional surgery might be required. At appellant's request appellee was on August 22, 1968, placed in Hendrick Memorial Hospital in Abilene where additional tests were conducted. On August 27, 1968, appellant was informed for the first time that a suspected herniated intervertebral disc was thought to exist at the interspace of the 4th and 5th lumbar vertebra, and that Dr. O'Loughlin recommended surgery be conducted to correct or improve the defect. It is also indicated that this was the first time that the attending physician had discovered a defect at that level. On August 29, 1968, appellant filed a sworn motion

for continuance setting out the above enumerated newly discovered facts, admitting liability to the appellee, tendering to appellee whatever operation might be found proper and necessary, and requesting the court to order an examination of the appellee and to then enter such further appropriate orders as would be necessary to protect appellant and to secure to appellee all rights to which he was entitled under the workmen's compensation law and to continue the pending cause until the required additional medical treatment could be fully and finally evaluated. The motion was denied and upon a jury trial it was found that appellee was temporarily totally disabled for 401 weeks and judgment was rendered for appellee in the sum of $11,912.36.

Appellant presents points contending that the court (1) erred and (2) abused its discretion in failing to grant appellant's motion for a continuance in view of newly discovered evidence to the effect additional surgery on appellee would be required and would substantially benefit appellee, and that in view of such newly discovered evidence the court (3) erred and (4) abused its discretion in failing to remand the cause to the Industrial Accident Board in order that the Board could make a determination concerning the necessity and propriety of additional surgery and if such operation was necessary it could be performed under the supervision of the Board; that the court erred in holding in effect that appellant was required to make a specific tender of additional surgery while appellee's claim was pending before the Industrial Accident Board, (5) when the results of the first operation could not be ascertained with reasonable certainty and (6) when the need for additional surgery was not apparent while the case was so pending before the board, and appellant sought a continuance before the Board so the effects of the first operation and the need for additional surgery could be properly ascertained with reasonable medical certainty, and (7) that the court erred in sustaining appellee's objection to the cross examination of a doctor called as a witness by appellee, in relation to the beneficial effects of additional surgery, and in instructing appellant's attorney to refrain from cross examining the doctor concerning the matter, where appellant had admitted liability before the Industrial Accident Board, had sought a continuance before the Board so that effects of the first operation and the need for additional surgery could be properly determined with medical certainty and that such continuance was denied. These points are all overruled.

█ It is held that a strict compliance with the procedure provided in the statutes involved is necessary to make available to an insurer the provisions of such statute relative to treatment by surgical operation. Texas Employers Insurance Ass'n v. Kubiak, 276 S.W.2d 909 (Tex.Civ.App. 1955, ref. n.r.e.). In Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W. 2d 521, the surgery sections of Article 8306, (Sections 12b and 12e) V.A.T.C.S., were construed by our Supreme Court to give the Industrial Accident Board exclusive power to order or supervise an operation or to direct a medical examination for the purpose of determining the advisability of an operation. It is held that this matter must be decided while the case is before the Board. It has been held by our Supreme Court that neither the trial court nor the Court of Civil Appeals can direct and supervise an operation and that the insurer is not entitled to prove the beneficial effects of surgery as before the Board. Garcia v. Travelers Insurance Co., 365 S.W.2d 916, (Tex.Sup.Ct.1963); Houston Fire & Casualty Insurance Co. v. Dieter, 409 S.W.2d 838 (Tex.Sup.Ct.1966).

█ Even if it is assumed, as appellant insurance company contends, that it did not know of the need for additional surgery until after the case left the Industrial Accident Board, the court still has no power to direct and supervise an operation. In discussing this question it was

stated by the Supreme Court in the Seelbach case, supra, as follows:

"The next contention urged upon us by the insurer is that conceding that Kubiak and Quinn [American General Ins. Co. v. Quinn, Tex.Civ.App., 277 S.W.2d 223] are correctly decided, nevertheless in this case where no operation was suggested or recommended during the Board proceedings and the need thereof having developed later, the testimony should be admitted as an exception to the rule as was held in National Surety Corp. v. Bellah, supra (245 F.2d [936] 942). The exception as stated in that case by the 5th Circuit is:

' * * * Where the need for an operation of a specific kind is not patent while the matter is before the Board, the whole policy of the Act and the right of the parties to contest one or more issues while admitting the others, * * * would be impeded by retrospectively considering what ought to have been, but was not, known or done before the Board.'

We are impressed by the cogent reasoning for the result reached. It does appear inequitable to penalize in effect the insurance carrier for not making the tender of an operation when the need was not apparent and a tender would have been futile. But we must reject the theory that this lack of information creates an exception and largely so for the reasons we have given in sustaining the general rule of Kubiak and Quinn."

The question of the necessity and beneficial effect of surgery therefore must be decided and the tender therefor must be made while the case is before the Industrial Accident Board. The inquiry at the de novo trial of compensation cases on appeal to the court is restricted to the extent of incapacity of the injured employee. City of Austin v. Williams, 440 S.W.2d 115 (Tex.Civ.App. 1969), and cases cited therein.

■■ A suit to set aside the award of the Industrial Accident Board is in fact a "suit" and not an "appeal", and when the suit is filed in the court the subject matter is withdrawn from the Board. Booth v. Texas Employers' Insurance Association, 132 Tex. 237, 123 S.W.2d 322, (Com., opinion adopted by Sup.Ct.1939). The court did not err in refusing appellant's request to remand the cause to the Board to determine the need for additional surgery. Since the trial court had no power to order or supervise an operation or to direct a medical examination for the purpose of determining the advisability of that action in a workmen's compensation case the court did not err in refusion to admit evidence concerning the beneficial effects of additional surgery, or to grant appellant's motion for a continuance of the case because of newly discovered evidence concerning the matter. Consolidated Underwriters v. Foster, 383 S.W.2d 829 (Tex.Civ.App.1964, ref. n.r.e.); Aetna Casualty & Surety Company v. Depoister, 393 S.W.2d 822, Tex.Civ.App. 1965, ref. n.r.e.); Travelers Insurance Company v. Isaacs, 342 S.W.2d 339 (Tex.Civ. App.1960, no writ history.).

The judgment is affirmed.