Felix VASQUEZ, Plaintiff-Appellee,

v.

**GLENS FALLS INSURANCE COM- PANY, Defendant-Appellant.**

No. 29005

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 15, 1970.

Harold Alberts, Corpus Christi, Tex., for appellant.

James DeAnda, Stonewall Van Wie, III, Corpus Christi, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Felix Vasquez brought this suit to recover benefits payable under the Texas Workmen's Compensation Act, Tex.Rev. Civ.Stat.Ann. art. 8306 et seq. (1967), for an injury he allegedly sustained while working in the course of his employment. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (1967); Commercial Standard Insurance Co. v. Cotton, Tex.Civ.App., 1969, 443 S.W.2d 423, 426. Defendant is the workmen's compensation insurance carrier for plaintiff's employer. After a trial to the court, the District Judge granted a judgment in favor of Vasquez in the amount of $10,244.45. Earlier, Vasquez had had a hearing before the Industrial Accident Board for the State of Texas. The Board had awarded Vasquez $140 based upon his claim. From the judgment of the District Court, the insurer appeals.

The single question presented on this appeal is whether the District Court's finding that the injury about which Vasquez complained in this suit was the same as the injury providing the basis for his claim before the Industrial Accident Board, so as to entitle Vasquez to a judgment under the Work-

men's Compensation Act, Tex.Rev.Civ. Stat.Ann. art. 8307 § 5 (1967); e. g., Huff v. Insurance Company of North America, Tex.Civ.App., 1965, 394 S.W.2d 849, 852, was clearly erroneous.[1] Fed. R.Civ.P. 52(a). After a careful review of the record, we are unable to conclude that this determination was wrong. Accordingly, we affirm the judgment of the District Court. Cf. United States for Use and Benefit of Citizens National Bank of Orlando v. Stringfellow, 5 Cir., 1969, 414 F.2d 696, 699; Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776.

Affirmed.

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18; see Huth v. Southern Pacific

Co., 5 Cir., 1969, 417 F.2d 526, 527–530; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.