The **FIDELITY & CASUALTY COMPANY OF NEW YORK**, Appellant,

v.

Leopoldo **VILLARREAL**, Appellee.

No. 1804.

Court of Civil Appeals of Texas, Corpus Christi.

May 21, 1981.

Rehearing Denied June 18, 1981.

Van Huseman, Maddin, White, Huseman, Pletcher & Powers, Inc., Corpus Christi, for appellant.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In this worker's compensation case the sole issue on appeal is whether the trial court's refusal to allow defendant to present evidence on the beneficial effects of surgery is harmful error. We affirm.

On May 22, 1978, Leopoldo Villarreal, plaintiff below, developed a sharp pain in his lower back while moving some "I" beams in the course and scope of his employment with Baker Marine. Thereafter, when the pain substantially hindered his work efforts, plaintiff sought worker's compensation benefits. Then the plaintiff appealed the award of the Industrial Accident Board by filing suit in district court. Based upon a jury verdict the trial court rendered judgment for total and permanent incapacity.

During the trial the treating physician, Dr. Christopher Isensee, was called by plaintiff to testify about plaintiff's physical condition. The general description of the injury by Dr. Isensee was that plaintiff had suffered a lumbosacral (back) strain resulting from the work he had done for Baker Marine. Dr. Isensee testified that plaintiff had a congenital defect in his lower back that made the strain more painful. After describing the course of treatment of the plaintiff, Dr. Isensee offered his opinion that plaintiff had a total incapacity to work.

During direct examination, plaintiff's attorney asked the doctor what was done for plaintiff during his visits. The doctor responded:

"With his continuing pain, it seemed to me that the only way he would probably ever be free of it is with surgical stabilization of that segment that I indicated does not have proper support. . . .

\*    \*    \*    \*    \*    \*

Surgery consists of exposing this part of the spinal column, and through a separate incision, removing some bone from the hip bone, some strips of bone, and putting those strips of bone across here, just laying them down in there so that this and this grows together in one piece. Once that is solid, then this can no longer move."

After this description of the surgical procedure that the doctor recommended, plaintiff's attorney concluded his direct examination. On cross-examination, defendant's attorney attempted to question the doctor about the beneficial effects of the proposed surgery. The trial court sustained objections to the testimony, and the offer is now before this Court on Bill of Exceptions.

■ The offered testimony of the doctor on the benefits of surgery is inadmissible. In *Truck Ins. Exchange v. Seelbach*, 339 S.W.2d 521 (Tex.Sup.1960), Justice Culver, for an unanimous court, clearly held that the beneficial effects of surgery were inadmissible in a workmen's compensation case since the trial court has no power to order or to supervise an operation or determine the advisability of surgery. We followed the *Seelbach* case in *Maryland American General Insurance Company v. Leffingwell*, 478 S.W.2d 616 (Tex.Civ.App.—Corpus Christi 1972, no writ). There we expressly noted that the direct testimony regarding the need for surgery was admissible to show the seriousness of the claimant's condition and we recognized that such showing did not authorize the insurer to defensively offer testimony as to the potential benefits of surgery. See also, *Commercial Standard Ins. Co. v. Cotton*, 443 S.W.2d 423 (Tex.Civ. App.—Eastland 1969, writ ref'd). In light of the above authority, any testimony regarding the benefits of surgery was correct-

ly precluded by the trial court. The first point of error is overruled.

■ In its second point of error, defendant complains that evidence in the Bill of Exceptions regarding plaintiff's inability to lose weight as ordered by Dr. Isensee was incorrectly excluded by the trial court. We find such error, if any, to be harmless. Rule 434, T.R.C.P. Several times defendant's counsel examined both Dr. Isensee and plaintiff on the weight-control issue. The exclusion of cumulative testimony is not reversible error. Rule 434. Point of error number two is overruled.

The judgment of the trial court is affirmed.