Severino DeHOYOS, Appellant,

v.

CITY OF BEEVILLE, Appellee.

No. 13–87–084–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 12, 1987.

Rehearing Denied Dec. 17, 1987.

James B. Ragan, Corpus Christi, for appellant.

James F. McKibben, Jr., Carlos Villarreal, Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an action by appellant, Severino DeHoyos, for workers' compensation and disability benefits. The trial court granted summary judgment in favor of appellee, the City of Beeville, thereby allowing the city to discontinue its payments to appellant. Appellant contends the judgment was improperly granted because appellee is not entitled to a credit or set-off for payments made under a contractual duty to pay appellant his full salary for the period of time provided for under the Workers' Compensation Act. We reverse.

Appellant injured his back while working for appellee. Section E6 of the City of Beeville Personnel Manual provides:

> Employees of the City are covered by worker's compensation insurance while under the performance of their assigned duties. If injured on the job, the employees' regular rate of pay, less workers' compensation payments will be paid for the period of time provided for under workers' compensation insurance.

Appellant filed a claim with the Industrial Accident Board of Texas, which awarded him full benefits under Tex.Rev.Civ.Stat. Ann. art. 8306 (Vernon 1981). Appellee paid appellant his full salary for 271 weeks, at which time the city filed suit to set aside the award, and appellant counterclaimed for continuation of the payments. The trial court granted appellee a summary judgment, holding that appellant had already been "fully paid" by the City of Beeville, and that the City shall only be liable for

appellant's medical expenses as they accrue.

The summary judgment evidence before us consists of appellant's answers to requests for production and admission and each party's responses to interrogatories.

When reviewing the granting of a motion for summary judgment, we must consider the evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589 (Tex. 1975). The movant has the burden to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986).

Appellee contends there is no genuine issue of fact as to appellant's entitlement to further benefits. The city argues that as a self-insurer under Tex.Rev.Civ.Stat. Ann. art. 8306, § 10 (Vernon 1981), its maximum liability to appellant is for two-thirds of his salary paid over a period of 401 weeks, or a total of $42,959.13. Appellee's payments during the 271 weeks prior to its lawsuit total more than $44,000.00. Appellee further contends that Section E6 of the Beeville Personnel Manual does not confer a separate right to receive compensation over and above that authorized in article 8306, or, in the alternative, that these extra benefits should be offset against appellant's regular worker's compensation payments.

■ We conclude that the language of Section E6 of the Personnel Manual creates not only a duty to pay workers' compensation but also an additional duty on appellee to pay the difference between appellant's full salary and his worker's compensation benefit. Thus, the provision requires the City of Beeville to pay full salary to an injured employee for "the period of time provided for under workers' compensation insurance," i.e., 401 weeks of incapacitation. Tex.Rev.Civ.Stat.Ann. art. 8306, § 10(b) (Vernon 1981).

■ In regard to the offsetting of the additional payments, appellant contends that the cases of *City of Austin v. Clen-*

*dennen*, 323 S.W.2d 158 (Tex.Civ.App.—Austin 1959, writ ref'd n.r.e.) and *City of Austin v. Webster*, 424 S.W.2d 720 (Tex. Civ.App.—Austin 1968, writ ref'd n.r.e.) control. The court in each case held that the City of Austin, which was self-insured under the Workers' Compensation Act, was not entitled to a set-off of personnel policy payments against the employee's workers' compensation award. On this point, appellee argues that the statutory section upon which the *Clendennen* and *Webster* decisions rely has since been amended and the cases are thus inapposite. Tex.Rev.Civ. Stat.Ann. art. 8309h, § 5 (Vernon Supp. 1987) now provides in pertinent part:

> any and all sums for incapacity received in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (Article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable.

Appellee contends this section applies to the instant case because the Beeville Personnel Manual falls into the category of "other statutes now in force and effect." We disagree.

The personnel policy was passed by the City Council of Beeville. The definition of "statute," however, only encompasses enactments of state legislatures and the federal congress. *Honeycutt v. State*, 627 S.W.2d 417, 422 (Tex.Crim.App.1981). Although the *Honeycutt* court applied this definition to the term "statute" as used in the Texas Penal Code, we believe the same definition applies with equal force here. *See also Commissioner's Court v. El Paso County Sheriff's Deputies Association*, 620 S.W.2d 900, 902 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.) (a statute is an act of the legislature as an organized body).

Given the inapplicability of article 8309h, § 5, we conclude in accordance with the holdings in *Clendennen* and *Webster* that appellee is not entitled to offset the pay-

ments due under the personnel policy against appellant's workers' compensation award. Appellant's point of error is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED for trial.