

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 31, 1993

Honorable James W. Carr
Lavaca County Attorney
Box 576, Second Floor Courthouse
Hallettsville, Texas 77964

Opinion No. DM-213

Re: Whether a commissioners court may limit the number of monthly supplemental workers' compensation payments to county employees already receiving such payments (RQ-231)

Dear Mr. Carr:

You inform us that in 1986, the Commissioners Court of Lavaca County adopted an order authorizing supplemental compensation for all disabled county employees. The order provided that during the period of the employee's total disability the employee would receive payments which, when combined with standard workers' compensation benefits, would equal the employee's regular salary. In 1991, the commissioners court adopted an order that limited the amount of such supplemental payments to ten monthly installments.

You state that two county employees were injured in 1988 and 1990, respectively, and were granted supplemental benefits pursuant to the 1986 order. You ask whether the commissioners court may, on the basis of the 1991 order, limit the number of supplemental payments to these employees.[1] We conclude that the commissioners court was not authorized to limit the number of supplemental payments made to these employees.

The injuries to the employees in question occurred prior to the effective date of the Texas Workers' Compensation Act of 1989. Acts 1989, 71st Leg., 2d C.S., ch. 1. That act states that, with the exception of a few provisions not relevant here, the act takes effect on January 1, 1991, and that the change in the law made by the act applies only to injuries which occur on or after this date. *Id.* § 17.18(a), (c), at 122. The Texas Workers' Compensation Commission is directed to process claims for injuries occurring before the

---

[1] You do not ask and therefore we do not consider whether such payments are subject to or must be offset against other benefits.

effective date in accordance with the law in effect on the date the injury occurred.[2] *Id.* § 17.18(d), at 122. We therefore limit this opinion to situations involving the payment of supplemental compensation in conjunction with the payment of workers' compensation benefits under the former workers' compensation laws.

Counties are authorized to provide workers' compensation insurance for county employees under article III, section 60 of the Texas Constitution. This office has previously determined that political subdivisions were not required to carry workers' compensation coverage under the laws in effect prior to the effective date of the Texas Workers' Compensation Act of 1989. Attorney General Opinion H-338 (1974).[3] Also, while the workers' compensation laws in effect prior to 1991 did not specifically require or authorize counties to pay injured employees supplemental workers' compensation benefits,[4] Attorney General Opinion JM-447 (1986) concluded that a county could provide such benefits on a prospective basis as an element of county employees' compensation.

Accordingly, with respect to employees injured prior to 1991, the commissioners court was authorized to provide supplemental compensation on a prospective basis pursuant to its authority to set the compensation of county employees. Local Gov't Code § 152.011; *see* Attorney General Opinion JM-447 at 3-4. So long as no vested right is impaired, and in the absence of a constitutional or statutory prohibition, the power to set salary and compensation obviously includes the authority to increase or reduce compensation. *See City of Dallas v. Trammell*, 101 S.W.2d 1009 (Tex. 1937); Attorney General Opinion JM-910 (1988).

This does not, however, mean the Lavaca County Commissioners Court necessarily was free to limit the amount of supplemental compensation payable to employees injured *prior* to the adoption of the second order reducing these benefits. The case of *DeHoyos v. City of Beeville*, 742 S.W.2d 735 (Tex. App.--Corpus Christi 1987, writ denied), illustrates this point. The case concerned a city's attempt to terminate supplemental benefits paid by the city to an injured employee who concurrently was receiving workers' compensation benefits for the injury. The supplemental benefits were

---

[2]Consequently, the claims of the two employees you refer to in your letter would have been processed in accordance with the provisions of the workers' compensation laws in effect in 1988 and 1990.

[3]Article 8309h, V.T.C.S., currently requires political subdivisions of the state (including counties) to provide such coverage either by self-insuring, purchasing insurance, or contracting with other self-insurers. *See* V.T.C.S. art. 8309h, §§ 1(1), 2(a); Attorney General Opinion DM-180 (1992).

[4]In contrast, the 1989 workers' compensation legislation specifically authorizes political subdivisions to provide two kinds of supplemental benefits to injured employees receiving workers' compensation benefits. *See* V.T.C.S. arts. 8308-4.06; 8309h, §§ 3(a)(4), 5(c).

paid pursuant to a provision in the city personnel manual that stated that an injured employee would receive, during the period of time provided for under workers' compensation insurance, compensation in an amount reflecting the difference between the employee's regular rate of pay and the amount of workers' compensation benefits. The court concluded that this provision not only created a duty to pay workers' compensation benefits, but also obligated the city to pay the difference between salary and benefits for the period the employee was legally entitled to workers' compensation benefits.

Although the court in *DeHoyos* did not explicitly couch its holding in these terms, it appears to have determined that the personnel manual constituted a part of the contract of employment which could not unilaterally be changed by the employer subsequent to a compensable injury. An employee injured during the effective period of the policy, therefore, could claim a vested right to the benefits promised by policy. The city would be prohibited from impairing this right by unilaterally limiting or eliminating these benefits.

The terms of the 1986 order granting supplemental benefits to employees of Lavaca County authorized supplemental payments "during the period of total disability." Because the payment of supplemental benefits pursuant to the order is conditioned on the receipt of workers' compensation benefits by an injured employee, we assume that "period of total disability" corresponds to the period during which an injured employee receives workers' compensation benefits. Accordingly, we believe, on the strength of the *DeHoyos* case and the terms of the commissioners court's order, that the Lavaca County Commissioners Court was prohibited from limiting or reducing the amount of supplemental benefits paid to the two individuals described in your request letter.

## S U M M A R Y

The Commissioners Court of Lavaca County may not reduce the number or amount of supplemental compensation payments made to a county employee injured prior to January 1, 1991, pursuant to a policy that obligates the county to pay, for the period the employee receives workers' compensation benefits, the difference between workers' compensation benefits and the employee's regular wages or salary.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragón
Assistant Attorney General